IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRELL PRINCE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-1917 |
| | : | |
| US GOVERNMENT | : | |

<u>MEMORANDUM</u>

**Juan R. Sánchez, J.**                                                                                           **April 15, 2015**

Plaintiff Darrell Prince brings this action against the U.S. Government. He seeks leave to proceed *in forma pauperis*. The Court will grant Prince leave to proceed *in forma pauperis* and dismiss his Complaint.

Prince's Complaint is based on a specific incident during which he was arrested and charged with certain crimes, as well as his general concerns about the constitutionality of police practices on a national level. Prince contends that, while he was in Philadelphia in May of 2006, he was surrounded by police officers who grabbed him, ripped his shirt, and hit him with nightsticks for several minutes. The officers also charged Prince with assaulting an officer. The charges were dropped when the officer failed to appear in court, but the prosecutor allegedly sought additional opportunities to "put [Prince] in jail." Compl. at 7. The Complaint alleges that police brutality is a national problem, discusses the Declaration of Independence, and concludes with the following request for relief:

> I ask this court to acknowledge the role of the Declaration of Independence as founding principles that guide actions and the greater role of the government of the United States, and point to a host of changes which must be made, for the good of the people, and likely a Constitutional Convention, though that is outside the power of this body, and to recognize the claim and formal request, to alter government.

*Id*.

Prince's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the Complaint if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  To survive dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice." *Id.*  As Prince is proceeding *pro se*, the Court must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Complaint does not provide any legal basis for a claim against the federal government.  Prince may not redress his general grievances about the federal government through a lawsuit.[1]  *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." (citation omitted)).  Nor can

---

[1] Prince should be aware of that fact in light of a prior lawsuit he filed against the federal government, which was dismissed for lack of standing.  *See Prince v. United States*, Civ. A. No. 12-3787 (E.D. Pa.).

Prince state a claim against the federal government based on the conduct of police officers who, it can be inferred from the Complaint, were officers of the Philadelphia Police Department.[2]

For the foregoing reasons, the Court will dismiss Prince's Complaint. Prince will not be given leave to amend because amendment would be futile.

An appropriate order follows.

BY THE COURT:


\_\_\_/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.

---

[2] Even if Prince had named the proper Defendants, his claims would be time barred. Pennsylvania's two-year statute of limitations applies to any civil rights claims Prince might have brought under 42 U.S.C. § 1983 against the officers who arrested him, assaulted him, and filed charges against him. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The Complaint alleges that Prince was arrested in May of 2006. A search of public records reveals that he was arrested and charged with aggravated assault and resisting arrest, among other things, in May of 2005, rather than 2006. *Commonwealth v. Prince*, Docket No. MC-51-CR-0544571-2005 (Pa. Ct. Com. Pl.). The docket reflects that those charges were withdrawn on October 11, 2007. Whether Prince was assaulted and arrested in May of 2005 or 2006, he was aware of the events and injuries giving rise to his claims at the time of the assault and arrest. And if the charges against Prince were withdrawn in 2007, any malicious prosecution claims accrued at that time. *See Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989). Accordingly, the statute of limitations expired on Prince's claims long before he filed this lawsuit in 2015.